IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

**FILED**

⊖M. _____ 7-21 __ 20 10
DAVID J. MALAND, CLERK
U.S. DISTRICT COURT
By_____
DEPUTY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL  NO. 1:09-CR-175 |
| | § | |
| KEVIN DINELL STARKS | § | |

## FACTUAL BASIS AND STIPULATION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the United States of America, by and through the undersigned

Assistant United States Attorney in and for the Eastern District of Texas, joined by **Kevin**

**Dinell Starks** defendant, and his counsel of record, Silvia Pubchara, and presents this

factual basis and stipulation in support of the defendant's plea of guilty to Count One  of

the indictment, and, in support thereof, would show the following:

1.     That **Kevin Dinell Starks**, defendant, hereby stipulates and agrees as to the facts

recited in paragraph 5.  The defendant, stipulates and agrees to the truth of all

matters set forth in these paragraphs in this factual basis and stipulation, and

agrees that such admission may be used by the Court in support of his plea of

guilty to Count One of the indictment, alleging a violation of 21 U.S.C. § 846,

conspiracy to possess with intent to distribute five (5) kilograms or more of a

mixture or substance containing a detectable amount of a Schedule II controlled

substance, namely, cocaine HCL.

2.     That the defendant who is pleading guilty to such indictment, is one and the same

person charged in the indictment.

3.   That the crime alleged in the indictment occurred on or about the dates and places specified in the indictment;

4.   That the events described in the indictment occurred in the Eastern District of Texas and the Southern District of Texas. The defendant specifically waives venue for those events that occurred in the Southern District so as to resolve his criminal episode in the Eastern District;

5.   That, had this case proceeded to trial, the government would have proven each and every essential element of the offense, beyond a reasonable doubt, through the testimony of witnesses, including expert witnesses, and through exhibits, which would have demonstrated the following:

a)  **Kevin Dinell Starks** (defendant), Timothy Gilmore, Edward Emerson, Jr. and others agreed to transport eight (8) kilograms of cocaine HCL from Houston, Texas (Southern District of Texas) via IH-10, through the Eastern District of Texas, for the purpose of distributing that contraband to a buyer located in Philadelphia, PA.

b)  In July of 2009 the defendant arranged to have Edward Emerson (Emerson) and Timothy Gilmore (Gilmore) drive a semi-tractor trailer from Houston to Philadelphia, PA for the purpose of delivering cocaine HCL to cocaine distributor and co-conspirator, Leon Woodard (Woodard).

c)  During the trip, which passed through the Eastern District of Texas via IH-10, the defendant kept track of the shipment telephonically with Gilmore and Emerson.

d)  At the conclusion of the trip, Gilmore and Emerson delivered the cocaine HCL to Woodard and another Starks associate (in Philadelphia), Rian Thal (Thal).

e)  On June 27, 2009. while the load of cocaine HCL was being distributed and monies from its sale were being collected, Gilmore and Thal were ambushed

outside of Thal's apartment by robbers who were attempting to steal the cocaine HCL and the tainted funds thus far collected.  Both were shot dead.

f) During the robbery/murders, Emerson was inside Thal's apartment and heard the gun fire. He fled the apartment leaving behind four (4) kilograms of the defendant's cocaine HCL that had yet to be distributed and $111, 403.00 in tainted funds that had been collected from the sale of the other kilograms of cocaine HCL (equivalent in value to four to five kilograms of cocaine HCL). These kilograms of cocaine HCL and the cash were subsequently seized by Philadelphia investigators in the course of the Gilmore/Thal homicide investigation. Subsequent laboratory analysis confirmed that the seized  contraband was, indeed, cocaine HCL in an amount of 3.976 kilograms of cocaine HCL.

g) Investigating agents would have testified that the load of cocaine HCL transported by Gilmore and  Emerson to Philadelphia on behalf of the defendant was an amount of cocaine HCL that was consistent with distribution.  There would have been further testimony that the seized $111,403.00 in cash proceeds derived from the partial sale of cocaine HCL delivered  was equivalent in value to four to five kilograms of cocaine HCL. Investigators would have further testified about the passage of Emerson and Gilmore's semi-tractor truck through the Eastern District of Texas during the course of the conspiracy while transporting the defendant's cocaine HCL based upon receipts/documents recovered from the truck and D.O.T. inspection records.

h) On August 5, 2009, DEA investigators arranged to purchase one (1) kilogram of cocaine HCL from the defendant with the assistance of a confidential informant (CI). The purchase was made during a "buy walk" that was conducted at a hotel located in the Southern District of Texas. On the date of the sale the defendant hand delivered to the CI one kilogram of cocaine HCL in exchange for $26,000.00 in impressed funds. Subsequent laboratory testing revealed that the contraband was, indeed, cocaine HCL in an amount of .99 kilogram.

I) During the course of the "buy walk" the defendant was recorded on audio and video tape. During conversations with the CI, the defendant discussed the murder of Gilmore and Thal. During that conversation the defendant admitted that the cocaine and tainted funds discovered in Thal's Philadelphia apartment was his. The defendant further expressed unhappiness that Emerson had fled the scene of the murder without retrieving that cocaine and money. The defendant was also recorded explaining his use of semi-tractor trucks to transport cocaine HCL from Houston Texas (via the Eastern District of Texas) to locations in the eastern portion of the United States.

## DEFENDANT'S SIGNATURE AND ACKNOWLEDGMENT

6.      I have read this factual basis and stipulation and the indictment or have had them

read to me and have discussed them with my attorney.  I fully understand the

contents of this factual basis and stipulation and agree without reservation that the

United States can prove each of these acts and that it accurately describes the

events about my acts and the events as recited as I know them.

Dated: _7/21/10_                    _____

**Kevin Dinell Starks**
Defendant

## DEFENSE COUNSEL'S SIGNATURE AND ACKNOWLEDGMENT

7.      I have read this factual basis and stipulation and the indictment and have reviewed

them with my client, **Kevin Dinell Starks**.  Based upon my discussions with the

defendant, I am satisfied that the defendant understands the factual basis and

stipulation as well as the information, and is knowingly and voluntarily agreeing to

these stipulated facts.

Dated: _7/21/10_                    _____

Silvia Pubchara
Attorney for the Defendant

Respectfully submitted,

JOHN M. BALES
UNITED STATES ATTORNEY

_____

John A. Craft
ASSISTANT U. S. ATTORNEY